UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER DOUGHERTY, Individually and on behalf of all others similarly situated in Missouri,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE NATURALS, INC.,<br><br>Defendant. | No. 4:15CV574 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Source Naturals, Inc.'s Motion to Dismiss (ECF No. 6). The motion is fully briefed and ready for disposition.

## Background

Plaintiff filed a Petition in state court on February 11, 2015, alleging a violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, *et seq.*, and unjust enrichment. (Pet., ECF No. 5) Plaintiff contends that Defendant's Life Force Multiple Vitamin ("Multivitamin") misrepresents on the label the amount of 6 key vitamins and minerals. (*Id.* at ¶¶ 1-2) Plaintiff specifically asserts that testing on the Multivitamin, including one of the bottles purchased by Plaintiff, contained less Vitamin A, Vitamin B-3, Calcium, Zinc, Maganese, and Magnesium than Defendant represents. (*Id.* at ¶ 17) Further, Plaintiff alleges that the label understates the amount of Vitamin B-6, Folic Acid, and Vitamin C. (*Id.* at ¶ 18) Plaintiff contends that she and other putative class members are entitled to a refund because the Multivitamin is worth less than represented. (*Id.* at ¶¶ 31-32)

In response, Defendant filed a Motion to Dismiss, arguing that Plaintiff's claims are preempted by federal law because she fails to allege that her tests complied with the Food and

Drug Act ("FDA") requirements for testing the nutrition content of dietary supplements. Defendant further asserts that seeking to impose liability on Defendant based on results obtained through insufficient testing methods would result in Missouri-specific labeling requirements that differ from FDA's labeling requirements. Additionally, Defendant contends that Plaintiff has failed to properly plead her MMPA and unjust enrichment claims, and has failed to plead her fraud-based claims with sufficient particularity under Fed. R. Civ. P. 9(b). Plaintiff, on the other hand, argues that a motion to dismiss is not the proper means to raise a preemption defense and that courts disfavor preemption. Plaintiff also maintains that preemption does not apply to the label violation provision at issue. Further, Plaintiff asserts that she has properly pled her MMPA and unjust enrichment claims, and has pled with sufficient particularity.

## Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

With regard to federal preemption, "Where state and federal law directly conflict, state law must give way . . . . [S]tate and federal law conflict where it is impossible for a private party to comply with both state and federal requirements." *PLIVA, Inc. v. Mensing*, __ U.S. __, 131 S. Ct. 2567, 2577 (2011) (citations and internal quotations omitted). To avoid preemption under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, Plaintiff's state law claim must fit in a narrow gap. *Riley v. Cordis Corp.*, 625 F. Supp. 2d 769, 777 (D. Minn. 2009). "The plaintiff must be suing for conduct that *violates* the FDCA . . . , but the plaintiff must not be suing *because* the conduct violates the FDCA . . . ." *Id.* Thus, in order for a state law claim to survive, plaintiff's claim "must be premised on conduct that both (1) violates the FDCA and (2) would give rise to a recovery under state law even in the absence of the FDCA." *Id.*

The FDCA contains a provision which preempts certain state laws on misbranding:

> That provision, which Congress added to the FDCA in the Nutrition Labeling and Education Act of 1990, § 6, 104 Stat. 2362-2364, forecloses a 'State or political subdivision of a State' from establishing requirements that are of the type but 'not identical to' the requirements in some of the misbranding provisions of the FDCA.

*POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2235 (2014) (citing 21 U.S.C. § 343-1(a)). "While the [Nutritional Labeling and Education Act] NLEA expressly preempts state labeling laws that cover certain described foods, 21 U.S.C. § 343-1, it does not preempt requirements imposed by state law that effectively parallel the NLEA. *Craig v. Twinings North Am., Inc.*, No. 5:14-CV-05214, 2015 WL 505867, at *5 (W.D. Ark. Feb. 5, 2015) (citations omitted). NLEA's purpose is not to preclude all regulation of nutritional labeling by states, "but to prevent states from adopting inconsistent requirements with respect to the labeling of nutrients." *Id.*

3

Under 21 U.S.C. § 343(a)(1), "food is misbranded if 'its labeling is false or misleading in particular.'" *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1310 (E.D. Cal. 2014). Further, two statutory sections impose more specific labeling requirements. Under 21 U.S.C. § 343(q):

> A dietary supplement product . . . shall comply with the [labeling] requirements of subparagraphs (1) and (2) in a manner which is appropriate for the product and which is specified in the regulations of the Secretary which shall provide that . . . the listing of dietary ingredients shall include the quantity of each such ingredient . . . per serving.

21 U.S.C. § 343(q)(5)(F)(ii). Section 343(r) "governs all other statements about nutrient content; specifically, claims that 'expressly or by implication,' 'characterize[ ] the level of any nutrient . . .'" *Honest Tea*, 74 F. Supp. 3d at 1310 (quoting 21 U.S.C. § 343(r)).

In addition, the FDA has enacted regulations pertaining to expressed nutrient content claims. Under 21 C.F.R. § 101.13, "[a] claim that expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling under §101.9 or under § 101.36 (that is, nutrient content claim) may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation." 21 C.F.R. § 101.13(b). Whether the requirements for nutrient content claims comply with the regulations are determined by using the methodology provided in § 101.9. 21 C.F.R. § 101.13(o). Under § 101.9(g), "[t]he sample for nutrient analysis shall consist of a composite of 12 subsamples (consumer units), taken 1 from each of 12 randomly chosen shipping cases, to be representative of a lot." 21 C.F.R. § 101.9(g)(2).

### **Preemption Argument in a Motion to Dismiss**

Plaintiff argues that preemption is not properly decided on a motion to dismiss because preemption is an affirmative defense. The Court disagrees. The Eighth Circuit Court of Appeals has affirmed the dismissal of actions on federal preemption grounds at the pleading stage. *See, e.g., Brinkley v. Pfizer, Inc.*, 772 F.3d 1133, 1139 (8th Cir. 2014) (finding design defect and

4

implied warranty claims were preempted by the FDCA and affirming the lower court's dismissal pursuant to a motion for judgment on the pleadings); *Moretti v. Mut. Pharm. Co.*, 518 Fed. App'x 486, 487 (8th Cir. 2013) (affirming district court's grant of judgment on the pleadings on the basis of FDA preemption).

Further, one court in this district recently granted a motion to dismiss based on preemption. *See Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011, 1014 (E.D. Mo. 2014) (granting defendant's motion to dismiss under Rule 12(b)(6) based on the preemption of state claims by FDA regulations and rejecting plaintiff's argument that defendant did not meet its burden of establishing the affirmative defense of federal preemption). In addition, other federal courts considering similar claims dismissed the claims on the basis of federal preemption. *See, e.g., Mee v. I A Nutrition, Inc.*, No. C-14-5006 MMC, 2015 WL 2251303, at *4 (N.D. Cal. May 13, 2015) (dismissing plaintiff's claims that defendant misrepresented supplement facts as preempted by an FDA regulation); *Bell v. Campbell Soup Company*, 65 F. Supp. 3d 1328, 1329 (N.D. Fla. 2014) (granting defendant's motion to dismiss plaintiffs' state law mislabeling claims as preempted by the FDCA). Therefore, the Court finds that Defendant's motion to dismiss on the basis of federal preemption is properly before the Court.

### **Preemption Analysis**

Defendant argues that Plaintiff has failed to allege the testing she employed to determine the amount of vitamins and minerals in Defendant's product complies with the testing method set forth in 21 C.F.R. § 101.9(g)(2). As previously stated, that provision requires the "sample for nutrient analysis shall consist of a composite of 12 subsamples (consumer units), taken 1 from each of 12 randomly chosen shipping cases, to be representative of a lot." 21 C.F.R. § 101.9(g)(2). "[W]here, as here, an FDA regulation provides that the question of compliance

must be determined using the method specified therein, a state law claim that seeks to establish a violation of such regulation by a different methodology is preempted." *Mee*, 2015 WL 2251303, at *4 (citation omitted).

Here, Plaintiff alleges that the nutritional labels on Source Naturals Life Force Multiple Vitamins are false based upon testing of the Multivitamin, including one of the bottles purchased by Plaintiff. Plaintiff does not represent that testing was based on a random sample, that the sample included 12 bottles from the same lot, or generally that FDA appropriate testing methods were used. Nothing in the pleadings avers that Plaintiff complied with § 101.9(g)(2) in testing the Multivitamin. To the contrary, Plaintiff merely asserts that "testing," including one of the bottles Plaintiff purchased, revealed that the label misrepresented the amounts of Vitamin A, Vitamin B-3, Calcium, Zinc, Maganese, Magnesium, Vitamin B-6, Folic Acid, and Vitamin C. Defendant contends that, by asserting the Multivitamin's label is false and misleading based on testing that Plaintiff fails to allege comports with the FDA's mandated methodology, Plaintiff is attempting to impose labeling requirements that are not identical to those in the FDCA.

In *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304 (E.D. Cal. 2014), the district court granted defendant's motion to dismiss a consumer's putative class action arising out of plaintiff's allegations that defendant's Honey Green Tea bottles did not contain the amount of antioxidants represented on the labels. *Id.* at 1308. Plaintiff alleged that independent testing by a laboratory retained by plaintiff's counsel showed levels of antioxidants that were less than defendant represented. *Id.* The court found that "because defendant's label statements are nutrient content claims, their accuracy must be challenged under the 12-sample test method established by 21 C.F.R. § 101.9(g)." *Id.* at 1313. The court held that plaintiff's state law claims were preempted, stating, "the Complaint does not allege plaintiff tested Honey Green Tea using this method.

6

Consequently, the Complaint does not show that defendant's statements on the product labels violate the FDCA's labeling requirements." *Id.* The court reasoned that if plaintiff's state law claims were allowed to proceed, they would impose liability inconsistent with the FDCA. *Id.* (citation omitted); *see also Mee,* 2015 WL 2251303, at *4 ("[W]here, as here, an FDA regulation provides that the question of compliance must be determined using the method specified therein, a state law claim that seeks to establish a violation of such regulation by a different methodology is preempted.").

Similarly, this Court finds that in challenging the nutrient content of the Multivitamin, Plaintiff has failed to allege that her product testing complied with the FDA 12-sample testing method set forth in 21 C.F.R. § 101.9(g). Indeed, nothing in the Complaint or Plaintiff's brief in response to the motion to dismiss suggests that she complied with the FDA's testing method when testing the Multivitamin. Plaintiff erroneously relies upon cases finding the product name/packaging to be false or misleading under 21 U.S.C. § 343(a), as opposed to the accuracy of the statements regarding the nutrient content. For instance, in *Zupnik v. Tropicana Prods., Inc.*, No. CV 09-6130 DSF (RZx), 2010 WL 6090604 (C.D. Cal. Feb. 1, 2010), the plaintiff claimed that defendant's "Tropicana Pure 100% Juice Pomegranate Blueberry Flavored Blend of 5 Juices from Concentrate with other Natural Flavors" was misleading because the label led plaintiff to believe the juice primarily consisted of pomegranate and blueberry juice, as opposed to pear juice. *Id.* at *1. The court noted that plaintiff did not allege that defendant failed to disclose the ingredients of the juice. *Id.* The court rejected defendant's preemption argument, reasoning that "[b]ecause Congress has also allowed states . . . to pass statutes identical to § 343(a), a private party equipped with a private right of action under state law is able to sue to

enforce a state statute identical to § 343(a), just as the FDA would be able to sue to enforce § 343(a) itself." *Id.* at *2.

Unlike *Zupnik*, Plaintiff's claims do not solely arise from a misleading label. Instead, Plaintiff explicitly alleges that the Defendant falsely states the nutritional content of its product, as revealed through Plaintiff's testing. This implicates the testing methods required by 21 C.F.R. § 101.9(g). Because Plaintiff has failed to allege she followed FDA testing protocols, her state law claims that rely on a different methodology to demonstrate such labeling violations are inconsistent with the FDCA and are thus preempted. *Honest Tea,* 74 F. Supp. 3d at 1313-14. Therefore, the Court will grant Defendant's motion to dismiss and dismiss this case without prejudice. *Id.* at 1318; *Burke v. Weight Watchers Int'l, Inc.*, 983 F. Supp. 2d 478, 483 (D.N.J. 2013). However, Plaintiff has requested that, in the event this Court grants Defendant's motion, she be allowed to file an amended complaint. The Court notes that the cases upon which Defendant relies to support its motion for dismissal allowed the plaintiffs to file an amended complaint. *See Mee*, 2015 WL 2251303, at *4; *Honest Tea*, 74 F. Supp. 2d at 1318. Therefore, the Court will grant Plaintiff leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Source Naturals, Inc.'s Motion to Dismiss (ECF No. 6) is **GRANTED** without prejudice, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall file a first amended complaint no later than December 22, 2015.

Dated this 8th day of December, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**